The document below is hereby signed.

Signed: February 15, 2020



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
NATHAN L. MCCOY,               )    Case No. 16-00363
                               )    (Chapter 7)
            Debtor.            )    Not for publication in
                                    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER RE DEBTOR'S
MOTION TO REOPEN CASE AND MOTION TO AVOID LIEN

The debtor has filed a *Motion to Reopen Case* in which he
requests that the case be reopened so that he may file a *Motion
to Avoid Lien* recorded by a creditor, Discover Bank, against his
exempt property.  The debtor's *Motion to Avoid Lien* assumes that
the judgment lien is void by reason of 11 U.S.C. § 524(a)(1), but
that provision does not void a judicial lien that attached
prepetition.  As explained in *Wrenn v. American Cast Iron Pipe
Co. (In re Wrenn)*, 40 F.3d 1162, 1164 (11th Cir. 1994):

> A discharge in bankruptcy "voids any judgment ..., to the
> extent that such judgment is a determination of the
> *personal liability* of the debtor." 11 U.S.C. § 524(a)(1)
> (1988) (emphasis added).  Thus, discharge does not affect
> liability in rem, and prepetition liens remain
> enforceable after discharge.

The judgment was recovered in 2015.  The debtor does not allege

when the judgment was recorded in the land records and thus attached to his property.  *See* D.C. Code § 15-102 (a judgment is enforceable as lien against real property from the date it is filed and recorded in the office of the Recorder of Deeds of the District of Columbia).  If the judgment was recorded with the Recorder of Deeds *postpetition*, the debtor needs to file an *Amended Motion to Reopen* to say so, and to attach thereto as an exhibit, and marked as an exhibit, a revised *Motion to Avoid Lien* asserting that the lien is ineffective for that reason.

If the judgment was recorded with the Recorder of Deeds *prepetition*, the judgment lien is not made ineffective by 11 U.S.C. § 524(a)(1), but the debtor might seek under 11 U.S.C. § 522(f)(1)(A) (or some other provision) to avoid the lien if he can establish a factual basis for doing so.  However, his *Motion to Avoid Lien* does not invoke § 522(f)(1)(A) or any other basis for avoiding the lien (other than 11 U.S.C. § 524(a)(1), which as noted above is not a basis for avoiding a prepetition judgment lien).

I will grant the debtor 35 days to file an *Amended Motion to Reopen Case* (for which no fee will be charged), attaching thereto as an exhibit, and marked as an exhibit, a revised *Motion to Avoid Lien* that he would pursue if the case is reopened and that sets forth a valid basis for avoiding the lien at issue.  If the debtor fails timely to file an *Amended Motion to Reopen Case*, I

will deny the *Motion to Reopen* without prejudice to the debtor's

filing a later motion to reopen with payment of the fee for

filing a motion to reopen.

The debtor ought to serve any *Amended Motion to Reopen Case*

on the affected creditor, with notice under LBR 9013-1(b)(3) of

the opportunity to oppose the *Amended Motion to Reopen Case*. The

debtor has not properly served the *Motion to Reopen*. Fed. R.

Bankr. P. 9014(b) provides that service of a motion in a

contested matter must comply with Fed. R. Bankr. P. 7004. Rule

7004(b)(3) provides that service of a motion be made within the

United States by first class mail postage prepaid:

> Upon a domestic or foreign corporation or upon a
> partnership or other unincorporated association, by
> mailing a copy of the summons and complaint to the
> attention of an officer, a managing or general agent, or
> to any other agent authorized by appointment or by law to
> receive service of process and, if the agent is one
> authorized by statute to receive service and the statute
> so requires, by also mailing a copy to the defendant.

The debtor has served his *Motion to Reopen* on Duane R. Demers,

who appears to have served as counsel for Discover Bank in the

proceeding in which it obtained the default judgment for which it

recorded the judgment lien against the debtor's property, but

such service does not satisfy Rule 7004(b)(3).

It is thus

ORDERED that the debtor's *Motion to Reopen Case* (Dkt. No.

61) will be denied unless within 35 days after entry of this

order the debtor files an *Amended Motion to Reopen Case* (for

3

which no fee will be charged), attaching thereto as an exhibit, and marked as an exhibit, a revised *Motion to Avoid Lien* that he would pursue if the case is reopened and that sets forth a valid basis for avoiding the lien at issue, with the debtor to serve any such *Amended Motion to Reopen Case* on the affected creditor with LBR 9013-1(b) notice of the opportunity to oppose the *Amended Motion to Reopen Case*.  It is further

ORDERED that the *Motion to Avoid Lien* (Dkt. No. 62) is stricken as filed prior to the case being reopened and as not setting forth a valid basis for avoiding the lien at issue.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders;

Duane R. Demers, Esq.
12 S. Summit Ave.
Suite 250
Gaithersburg, MD 20877