The document below is hereby signed.

Signed: March 11, 2020



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NATHAN L. MCCOY, | ) | Case No. 16-00363 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
STRIKING AMENDED MOTION TO AVOID LIEN

On February 18, 2020, the court entered a *Memorandum Decision and Order Re Debtor's Motion to Reopen Case and Motion to Avoid Lien* (Dkt. No. 65). Pursuant to that order:

> the debtor's *Motion to Reopen Case* (Dkt. No. 61) will be denied unless within 35 days after entry of this order the debtor files an *Amended Motion to Reopen Case* (for which no fee will be charged), attaching thereto as an exhibit, and marked as an exhibit, a revised *Motion to Avoid Lien* that he would pursue if the case is reopened and that sets forth a valid basis for avoiding the lien at issue, with the debtor to serve any such *Amended Motion to Reopen Case* on the affected creditor with LBR 9013-1(b) notice of the opportunity to oppose the *Amended Motion to Reopen Case*.

The debtor has filed an **Amended Motion to Avoid Lien** (Dkt. No. 66), but failed to file an **Amended Motion to Reopen Case**.

In any event, the *Amended Motion to Avoid Lien* does not state a valid basis for relief. Once again, the debtor does not

allege that the judgment was recorded with the Recorder of Deeds and thus attached to his property. See D.C. Code § 15-102 (a judgment is enforceable as lien against real property from the date it is filed and recorded in the office of the Recorder of Deeds of the District of Columbia). Unless the judgment was recorded in the office of the Recorder of Deeds, there is no lien to avoid. If the debtor wants the court to avoid a lien, the debtor must identify the lien that is to be avoided.[1]

If Discover Bank's judgment was not recorded, there is no judgment lien to avoid. The court does not issue an order avoiding a non-existent lien. As noted in *In re Hamilton*, 286 B.R. 291, 293 (Bankr. D.N.J. 2002):

> Where a judgment has not become a lien on any of the debtor's property at the filing of the bankruptcy petition, Section 522(f) cannot apply. "[L]ien avoidance cannot occur if there is no lien which has attached to the Debtor's property *as of the time of the bankruptcy filing* which is subject to avoidance." *In re Flowers*, 1998 WL 191425, No. 97-30759DAS, at *1 (Bankr. E.D. Pa. Apr. 17, 1998) (emphasis added).

Unless it had a judgment lien prepetition, Discover Bank would be a general unsecured creditor whose claim was discharged by the debtor's discharge.

---

[1] The debtor's schedules did not list Discover Bank as holding a secured claim, and Discover Bank's proof of claim in the case did not claim that the claim was a secured claim. My own review of the Recorder of Deeds records online did not find any judgment recorded against the debtor (but there is no guarantee that I did not miss a judgment recorded against the debtor).

Pursuant to 11 U.S.C. § 524(a)(1), the debtor's discharge voided Discover Bank's judgment as a personal liability of the debtor with respect the discharged debt that was owed to Discover Bank.  In turn, under 11 U.S.C. § 524(a)(2), the discharge operates as an injunction (without the necessity of a further order) enjoining any act to collect the debt as a personal liability of the debtor.  Accordingly, if Discover Bank did not record the judgment with the Recorder of Deeds prepetition, Discover Bank holds a discharged claim pursuant to a void judgment and is enjoined from attempting to collect the debt by recording it with the Recorder of Deeds.  *See In re Paeplow*, 972 F.2d 730, 735 (7th Cir. 1992) (a creditor may not create a postpetition lien based upon a discharged debt).

The debtor does not allege that Discover Bank recorded the judgment postpetition in violation of the discharge injunction, and does not appear to seek contempt sanctions or other relief on that basis.  Instead, the debtor seeks avoidance of a lien pursuant to 11 U.S.C. § 522(f)(1)(A), but as explained in *Hamilton*, avoidance under § 522(f)(1)(A) is unavailable when no lien attached to the property prepetition, and, here, the debtor has not identified a lien that attached prepetition.

The debtor may be seeking a "comfort order" (incident to obtaining refinancing of his property) making clear that if the judgment has been recorded or were to be recorded it would either

be avoidable under § 522(f)(1)(A) (if recorded prepetition) or would be ineffective as a void judgment (if recorded postpetition). However, the debtor has not alleged that the judgment was recorded prepetition such as to form a basis for § 522(f)(1)(A) relief. Nor has he alleged that the judgment was recorded postpetition. The Bankruptcy Code itself already makes void any attempt to create a judgment lien on the property after the debtor received a discharge. Section 524(a)(1) operates automatically to void a judgment as a personal liability of the debtor, and § 524(a)(2) operates automatically to enjoin efforts to collect the judgment as a personal liability. It is thus unnecessary to issue a "comfort order" to protect the debtor with respect to the theoretical possibility that Discover Bank might record the judgment with the Recorder of Deeds. *See In re Hamilton*, 286 B.R. at 293; *In re Norvell*, 198 B.R. 697, 699 (Bankr. W.D. Ky. 1996).

If the debtor pointed to an actual act of the judgment being recorded with the Recorder of Deeds postpetition, that would be different. That would form a basis for relief of declaring the recording of the judgment as void (as either violating the automatic stay of 11 U.S.C. § 362(a) if the act occurred before the discharge was issued or as being void by reason of 11 U.S.C. § 524(a)(1) and (2) if the act occurred postdischarge). However, the debtor has not identified an actual act of recording the

4

judgment postpetition.

Without having alleged that the judgment was recorded with the Recorder of Deeds and identifying when the judgment was recorded, the debtor has not pled facts establishing a basis for granting the debtor relief, and there is no case or controversy to address.

It is

ORDERED that the *Amended Motion to Avoid Lien* (Dkt. No. 66) is stricken as filed prior to the case being reopened and as failing to identify a prepetition lien that is subject to avoidance under 11 U.S.C. § 522(f)(1)(A).  It is further

ORDERED that the foregoing is without prejudice to the debtor's filing, as an exhibit attached to an **Amended Motion to Reopen Case,** a further amended motion for relief under § 522(f)(1)(A) or otherwise (identifying a prepetition lien that is subject to avoidance, or setting forth some other proper basis for relief) to be pursued if the case is reopened, with the **Amended Motion to Reopen Case** to be served on Discover Bank in accordance with Fed. R. Bankr. P. 7004[2] and accompanied by LBR 9013-1(b) notice of the opportunity to oppose that **Amended Motion to Reopen Case** as set forth in the *Memorandum Decision and Order*

---

[2] It does not appear that the debtor made proper service under Fed. R. Bankr. P. 7004 of the *Amended Motion to Avoid Lien* (Dkt. No. 66) on Discover Bank.

5

*Re Debtor's Motion to Reopen Case and Motion to Avoid Lien*.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders;

Duane R. Demers, Esq.
12 S. Summit Ave.
Suite 250
Gaithersburg, MD 20877

Equity Settlement Services
444 Route 111
Smithtown, NY 11787